## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY A. WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION 16-515-WS-N** |
| | : | |
| **PROVIDENCE** | : | |
| **HOSPITAL/PROVIDENCE** | : | |
| **HEALTH SYSTEMS,** | : | |
| | : | |
| **Defendant.** | | |

## REPORT AND RECOMMENDATION

This action under Title VII of the Civil Rights Act of 1964, brought by a Plaintiff proceeding *pro se* and *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for the screening of Plaintiff's, Gregory Williams' ("Plaintiff" or "Williams"), Complaint (Doc. 1) pursuant to 28 U.S.C.§ 1915(e)(2)(B)[1].  After consideration of the record, Plaintiff was ordered to show cause why this action should not be dismissed with prejudice prior to service of process as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and to file and Amended Complaint which properly stated a claim.  (Doc. 6).  In response to the Show Cause Order, Plaintiff filed a Motion to Remand (Doc. 7)[2] along with a nineteen page untitled document (Doc. 8), which this Court liberally construes as

---

[1] *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir.2002) (affirming the application of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner actions).

[2] Plaintiff's Motion to Remand to the EEOC is hereby **DENIED** as the relief requested is not of the sort that this Court can provide.  However, to the extent that Plaintiff's Motion was intended to be responsive to this Court's Show Cause Order, it is discussed herein below.

Plaintiff's response to the Show Cause Order.  After consideration of the record, it is recommended that this action be dismissed with prejudice prior to service of process as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6).

## PROCEDURAL BACKGROUND

Plaintiff filed this action against Defendant, Providence Hospital/Providence Health Systems ("Providence") on October 5, 2016, pursuant to the American with Disabilities Act, specifically, 42 U.S.C. § 12117 based on a physical disability. (Doc. 1).  In his Complaint, Williams complains of being terminated and being denied unemployment compensation benefits.  (*Id*.)  Plaintiff additionally attached to his Complaint a letter stating he "would like to file a Discrimination, Retaliation, Harassment, ADA violation and Equal Pay Act violation complaint against Providence Hospital/ Health System." (Doc. 1 at 5).

Plaintiff states that the alleged discriminatory act (his termination) took place on January 15, 2015.  (*Id*.)  Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") in March 2016, and his Notice of Right-to-Sue Letter was issued by the EEOC on July 7, 2016.  (Doc. 1 at 3-4).   Therein, it was indicated that Plaintiff's charge was not timely filed with the EEOC.  (*Id*.)

This is Plaintiff's second suit against Defendant Providence stemming from his termination of January 15, 2015.  The first action was filed on October 7, 2015, and was ultimately dismissed without prejudice for failure to state a claim upon which relief could be granted.  (*See* CV 15-506-WS-N).  In that action, Plaintiff

asserted claims of retaliation and discrimination based on age.  Plaintiff was given until March 23, 2016, to amend his Complaint and was instructed that his failure to amend would result in the dismissal becoming the final order of this Court. Plaintiff did not amend his Complaint and the action was closed.  More than two months after the case was closed, Plaintiff filed a twenty-four page untitled document seeking various types of relief, all of which this Court denied, as the case previously dismissed based, in part, upon Plaintiff's failure to file an amended complaint.

Plaintiff has now filed the instant action based on the same termination of January 15, 2015, asserting he was discriminated against based on a physical disability.  (Doc. 1).   Plaintiff additionally filed a Motion to Proceed *In Forma Pauperis* (Doc. 4), which was granted on October 24, 2016.  (Doc. 5).  This Court withheld service of process for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether this action was due to be dismissed as frivolous, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

On November 1, 2016, after screening Plaintiff's Complaint, this Court entered an Order for Plaintiff to Show Cause by November 30, 2016, why his Complaint should not be dismissed as frivolous and/or for failure to state a claim. (Doc. 6).  On November 21, 2016, Plaintiff filed a Motion to Remand back to EEOC (Doc. 7) and on November 23, 2016, Plaintiff filed a nineteen page untitled document, three pages of which consist of a typed letter and 16 of which are exhibits

that relate to Plaintiff's employment, FMLA benefits, and termination which are the basis of the present action. (Doc. 8). Plaintiff additionally submitted to this Court a CD of testimony given to the Alabama Department of Labor ("ADOL").[3]

## DISCUSSION

### A.    Frivolity

Under § 1915(e)(2)(B), a court shall dismiss a case proceeding in forma pauperis "at any time if the court determines that ... the action or appeal is frivolous or malicious" or "fails to state a claim on which relief may be granted." An action "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

In order to bring a lawsuit based upon alleged violations of Title VII, a plaintiff must first exhaust his administrative remedies by timely filing a charge with the EEOC based on those alleged violations. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) (per curiam). An action brought pursuant to Title VII must be submitted to the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (expressly incorporating 42 U.S .C. § 2000e–5 procedures into ADA cases); see *Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (stating the same). A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was

---

[3] The CD contains a voice recording of the interview conducted by the Alabama Department of Labor relating to the termination of Williams' employment and a voice recording of phone messages left by a Providence human resource employee on Williams' phone. Neither of the recordings offered any additional information pertinent to the analysis of Williams' pending action.

passed.   ... [I]t is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).  "Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit." *Wilson v. Bailey*, 934 F.2d 301, 304 n.1 (11th Cir. 1991).  What is true under Title VII is equally true under the ADEA. *E.g., Sheffield v. United Parcel Service, Inc.*, 403 Fed. Appx. 452, 454 (11th Cir. 2010).

In the instant action, Williams filed his claim with the EEOC in March, 2016, but the alleged discriminatory act took place on January 15, 2015, over a year prior to his EEOC filing.  (Doc. 1 at 3).  The EEOC closed the case as untimely filed. (Doc. 1 at 4).  Since Williams did not submit his claim to the EEOC within 180 days, his claim is also time-barred in this Court. *See Burkette v. Montgomery County Bd. of Educ.*, 2008 WL 5114313 at * 4 (M.D. Ala. Dec. 4, 2008).  However, the time limit to file a claim with the EEOC is non-jurisdictional.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982).   As such, the time limit is subject to equitable tolling, permitting a court to disregard the late filing under certain circumstances.  *Id*.   The Eleventh Circuit has held that "traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

In this Court's order, Plaintiff was specifically ordered to show cause as to why his current claim was not due to be dismissed as frivolous based on Plaintiff's failure to timely file a charge with the EEOC.  Considering Plaintiff's Motion to

Remand (Doc. 7) liberally as being responsive to this Court's Show Cause Order, Plaintiff appears to argue that his EEOC claim should not have been ruled untimely because the EEOC was on notice of his claim in April, 2015.  (Doc. 7 at 1).  In support of this assertion, Plaintiff attached a letter dated April 8, 2015 (prior to the deadline to submit a claim to the EEOC), which Plaintiff describes as a request to the EEOC to investigate his unemployment compensation case.  (Doc. 7 at 1.)  First, the subject letter is not an EEOC charge.  Second, despite Plaintiff's description of the letter, it is clear that the only request being made by Plaintiff in that letter was a request for documents.  The letter also refers to the fact that Plaintiff "recently filed a complaint against Providence Hospital for retaliation and other things".  (Doc. 7 at 2).  This letter clearly relates to the EEOC claim Plaintiff made prior to the filing of his first lawsuit in this Court  (*See* CV 15-506-WS-N), a lawsuit that this Court has already dismissed.[4]  Plaintiff made no further effort to show this Court why the instant action is timely based on Plaintiff's EEOC claim which is the subject of *this* action. (*See* Doc. 1 at 4).  As a result, Plaintiff has not shown cause as to why the instant action is not frivolous because it is time-barred.

Furthermore, despite being ordered to do so, Plaintiff failed to address whether his Complaint sought to bring claims against Defendant for discrimination, retaliation, harassment, and violations of the ADA and Equal Pay Act (per his letter

---

[4] Plaintiff was additionally warned in this Court's Show Cause Order "that his attempts to re-litigate those claims brought in his initial lawsuit against Providence will also be dismissed as frivolous based on the doctrine of *res judicata*.  *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding.  *Ragsdale v. Rubbermaid, Inc*., 193 F.3d 1235, 1238 (11th Cir. 1999) (*citing Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990))."  (Doc. 6 at 5).

(Doc. 1 at 5)) beyond his Title VII claim discussed herein above.  There is, however, no indication that Plaintiff filed any other EEOC claim and/or received a right-to-sue letter or that Plaintiff otherwise exhausted his administrative remedies with regard to these other referred to claims, such that these claims would not also be time barred or otherwise frivolous.

As a result of the above, it is recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) based on Plaintiff's failure to timely file a claim with the EEOC.

## B.     Failure to State a Claim

In addition to ordering Plaintiff to satisfy this Court that the instant action is not frivolous, Plaintiff was also ordered to amend his Complaint to properly state a claim, the failure of which would result in a recommendation of dismissal.[5]

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173

---

[5] Before an action is dismissed with prejudice for failure to state a claim, a *pro se* plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim. *See Lee v. Alachua County*, 461 Fed. Appx. 859, 860 (11th Cir. 2012); *Schmitt v. United States Office of Personnel Management*, 403 Fed. Appx. 460, 462 (11th Cir. 2010).

7

L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

Plaintiff's Complaint articulates that the factual support for his claim of discrimination based on his physical disability as follows:

> I was attacked by a pit Bull dog and broke my shoulder and had to be on Disability for 6 months. When I returned, Providence did not return me to my position and terminated me.  They told the ADOL that I was absent and tardy.  My unemployment has been blocked though I was laid off.

(Doc. 1 at 3).  The letter attached to Plaintiff's Complaint further states that Providence failed to notify Plaintiff's employer that Plaintiff had returned to work

within six months and restates the above facts, without providing any additional pertinent details.  (Doc. 1 at 5).

The ADA prohibits a public entity from discriminating against a qualified individual with a disability, or excluding such an individual from participation in, or denying the individual the benefits of, any of the entity's services, programs, or activities. 42 U.S.C. § 12132.   As the Eleventh Circuit has explained, [t]o state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997)).   The ADA defines "disability" to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); see also 29 C.F.R. § 1630.2(g).   For purposes of the ADA, a qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions" of her employment. 42 U.S.C. § 12111(8).

As summarized in this Court's previous Order, in the present action, Plaintiff states his disability was a broken shoulder that required him to be on disability leave for six months.   Plaintiff, however, failed to present any facts that would ostensibly link his termination or his being denied unemployment benefits to his alleged physical disability.   Instead, Plaintiff stated that it was Providence's

position that he was tardy and absent.  Plaintiff also stated that the complained of acts, i.e. termination and denial of unemployment benefits, occurred after Plaintiff returned to work, ostensibly negating that such actions were causally linked to his alleged disability.  As a result, it was determined, as with Plaintiff's previous Complaint, that "[t]he complaint does not contain express or inferential allegations concerning every element of any claim for discrimination or retaliation, nor does it contain sufficient factual allegations to make it plausible that he is the victim of actionable discrimination or retaliation."  (CV No. 15-506-WS-N at Doc. 20).

As a result of the above deficiencies, Plaintiff was ordered to file an Amended Complaint or risk his ADA claim being dismissed.  Plaintiff was additionally ordered to amend his Complaint with regard to the other claims mentioned in his letter (Doc. 1 at 5) to the extent that Plaintiff wished to proceed with those additional claims.

In response, Plaintiff did not file an Amended Complaint but, instead, filed a nineteen page untitled document which attempts to explain the reason why this action should be allowed to continue.  (Doc. 8).  Namely, because "Providence hospital over the last two years has knowingly, deliberately, and repeatedly, violated my civil rights."  (*Id*. at 1).  Plaintiff states that (1) he was employed by Ascension Health Ministry, not Providence Hospital and, therefore, Providence should not have spoken to the Alabama Department of Labor concerning him and (2) that there is a factual discrepancy over his termination, i.e. whether he was terminated because he exhausted his FMLA or because he was absent and tardy.

(*Id*.)  Plaintiff further contends that because he was terminated he should have been given unemployment compensation benefits and that the denial of the same violated his rights.  (*Id*. at 3).  Plaintiff maintains that the "EEOC should be ordered to go back and review all of the information that is in my unemployment compensation file because clearly my rights have been violated".  (*Id*.)[6]

In support of these assertions, Plaintiff has attached (1) a portion of a Motion for Summary Judgment submitted by the ADOL in the appeal of Plaintiff's denial of unemployment benefits, (2) the corporate disclosure statement filed by Providence Hospital in Plaintiff's first action in this Court, (3) the decision on Plaintiff's unemployment compensation claim, (4) the denial of Plaintiff's application to the Board of Appeals, (5) interview notes relating to Plaintiff's EEOC charge[7], (6) a notice from Ascension Health regarding Plaintiff's continued COBRA coverage, (7) a letter addressed to Plaintiff from Providence informing Plaintiff, among other things, that his FMLA leave had been exhausted, (8) a Notice of Eligibility and Rights and Responsibilities from Ascension Health, (9) an Order from the Circuit Court of Alabama finding that Plaintiff voluntarily left his job without good cause and was disqualified from receiving unemployment benefits, and (10) W-2s from Ascension Health.  (Doc. 8 at 4-19).  Plaintiff additionally submitted to this Court a CD of testimony given to the Alabama Department of Labor.

---

[6] This is the same relief Plaintiff sought in his Motion to Remand (Doc. 7) which this court has denied.  (Doc. 9).
[7] Of note, the charge number referenced on this document does not match the charge number on the EEOC claim filed with Plaintiff's Complaint in this action.

Liberally construing Plaintiff's untitled filing, Plaintiff has failed to state a claim upon which relief can be granted. Even if the document filed were considered to be the Amended Complaint Plaintiff was ordered to file, which it is not, there is no reference –whatsoever- to any alleged discrimination based on Plaintiff's stated physical disability. In fact, Plaintiff only referred to the ADA on one occasion where he claimed that the alternative job offered to him was in "violation of the ADA" followed by the conclusory statement that "[t]his is a violation of the ADA since I was out of work through no fault of my own on medical long term disability." (Doc. 8 at 2). Plaintiff makes no reference to his actually alleged disability and fails to offer any facts to support that his termination or denial of unemployment benefits were based on the same. Moreover, the documents presented by Plaintiff appear to contradict Plaintiff's repeated conclusory assertions that his rights were violated because he was terminated involuntarily and improperly denied unemployment compensation.[8] Furthermore, Plaintiff wholly failed to address whether he wished to proceed with any of the other claims referenced in the letter attached to his Compliant (Doc. 1 at 5) and failed to provide any facts which would ostensibly sustain any of those referenced causes of action.

Considering Plaintiff's Complaint and his untitled filing, Plaintiff has not established the requisite facts to sustain a cause of action. Further, because *pro se* Plaintiff has previously been given an opportunity to amend his Complaint, but failed to do so, it is recommended that this action be dismissed with prejudice.

---

[8] In fact, the Court Order submitted by Plaintiff found that Plaintiff voluntarily left his job without good cause and was disqualified from receiving unemployment benefits.

## CONCLUSION

For the reasons set forth herein above, it is recommended that this action be dismissed with prejudice prior to service of process as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** and **ORDERED** this the 21st day of December, 2016.

                      */s/ Katherine P. Nelson*
                      **KATHERINE P. NELSON**
                      **UNITED STATES MAGISTRATE JUDGE**